UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARVIN FAULKNER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 16-cv-2432 |
| v. ) | |
| ) | Judge John W. Darrah |
| ANNA M. LOFTUS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On July 11, 2016, Plaintiffs filed a twelve-count, two-hundred-and-seventy-nine paragraph, one-hundred-and-forty page Amended Verified Complaint [35], alleging violations of, among others, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; 42 U.S.C. § 1983; 18 U.S.C. § 242; 18 U.S.C. § 249; 42 U.S.C. § 1981; 42 U.S.C. 1985; and 42 U.S.C. § 1986. Plaintiffs name fifty different Defendants, including: U.S. Bank National Association; Pierce & Associates, P.C.; Shorebank; Codilis & Associates, P.C.; Jenner & Block LLP; Anna Loftus, Pamela Meyerson, Raymond Mitchell, George Scully, Darryl Simko, Irwin Solganick, Alfred Swanson, and Alexander White, Chancery Court Judges of the Circuit Court of Cook County (collectively, "Judicial Defendants"); Nationstar Mortgage LLC; Chuhak & Tecson P.C.; Michael Eurich; Samantha Babcock; Urban Partnership Bank; Federal National Mortgage Association; Starr, Bejgiert, Zink & Rowells; Timothy L. Rowells; the City of Chicago; Mortgage Electronic Registration Systems; Hauselman, Rappin & Olswang, Ltd.; Sonia Pasquesi; Kovitz, Shifrin & Nesbit Law Office; Bryan Gomez; and CitiMortgage, Inc. All of the above-named Defendants filed Motions to Dismiss [40, 48, 51, 76, 95, 98, 120,

123, 133, 154, 156, 158, 161, 164, 167, 169] or a Motion to Remand [128]. For the reasons discussed below, Defendants' Motions are denied without prejudice with leave to re-file.

## BACKGROUND

The following is a brief summary of the facts alleged in the Amended Verified Complaint ("AC"). Plaintiffs allege that Defendants are involved in a scheme to attack them for their "aggressive filing of complaints and law suits [*sic*] against them." (AC ¶ 70.) Defendant ShoreBank filed for Chapter 11 Bankruptcy. Defendant Federal Deposit Insurance Corporation ("FDIC") then sold ShoreBank's asserts to Defendant Urban Partnership Bank. Plaintiffs allege that Urban Partnership Bank then filed commercial foreclosure complaints on Plaintiffs' non-commercial properties. Plaintiffs list either twenty-one or fifteen different properties affected by these foreclosures. (AC ¶¶ 76, 89.) Plaintiffs further allege that ShoreBank's owner/president, William Farrow, conspired with the FDIC to benefit from the transfer of ShoreBank's assets to Urban Partnership Bank. (AC ¶ 90.)

Plaintiffs also name several lawfirms and individuals as Defendants. Plaintiffs allege that these Defendants participated to "cover-up [*sic*], divert, frustrate, shunt, mislead, ignore germane factual legal arguments and factual evidence." (AC ¶ 91.) In addition to this cover-up, Plaintiffs allege that Defendants are involved in a money-laundering scheme. (AC ¶ 97.) As a result of this scheme, Plaintiffs filed complaints against law firms, attorneys, banks, and Circuit Court of Cook County Judges. (AC ¶ 99.) After Plaintiffs filed these complaints, they were placed on a "Judges' Hit List." (AC ¶¶ 98, 99.)

Plaintiffs' AC also contains class allegations. The two classes are defined as: "all past, present, and future African[-]American citizens of the USA and State of Illinois" and "all past, present, and future citizens of the USA and of the State of Illinois." Plaintiffs request

$4,905,771.87 in actual damages, an amount "to be determined" in compensatory damages, $14,717315.61 in treble damages, and $40,000,000.00 in punitive damages. (AC ¶ 279.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 8 compels litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief." This requirement of *brevity* fosters two goals: it allows trial courts to speed a case to resolution, and it allows a defendant to capably respond to the allegations in the complaint. *Hardy v. Illinois Dep't of Corrections*, Case No. 3:15-cv-00437-JPG, 2015 WL 4573302, at *1 (S.D. Ill. July 29, 2015) (citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). While a minor amount of surplus material in a complaint is not enough to frustrate these goals and violate Rule 8, unnecessary length coupled with repetitiveness, needless complexity, and immaterial allegations can push a complaint past Rule 8's breaking point — in other words, it can make a "complaint unintelligible" by "scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* (citing *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013)). When faced with that type of pleading, district judges have the power to dismiss the complaint and require a redo. *Id*.

## ANALYSIS

The AC in this case is one-hundred-and-forty pages in length. The factual background is over fifty pages and one-hundred paragraphs. Many of the paragraphs have several sub-paragraphs. The AC is verbose and includes several quotes from alleged conversations between Plaintiff Faulkner and several individual Defendants.

Plaintiffs list in detail the ways in which Defendants attempted to harm them. These alleged harmful actions include: telling tenants at Plaintiffs' properties that Plaintiffs were no

longer the owners of the properties, preventing the tenants from paying Plaintiffs rent, denying Plaintiffs' motions to vacate judgments in other lawsuits, filing false complaints against them in other legal proceedings, dismissing Defendants for lack of jurisdiction, filing motions for sanctions for malicious prosecution, arresting Plaintiff Faulkner and questioning him, and taking Plaintiff Faulkner's finger and handprints. (AC ¶¶ 100-176.) Plaintiffs' claim for relief is repeated at least fourteen times. It is unclear whether the relief requested is the amount requested each time, or whether it is the amount requested for each of the twelve counts. While the AC details several, but not all, of the Defendants' actions, it is not immediately clear how these actions resulted in the violations alleged in the twelve counts. For example, Plaintiffs allege that all of the Defendants engaged in a conspiracy to violate their Constitutional rights. Plaintiffs do not detail how their Constitutional rights have been violated, stating that they were "caused to suffer [diverse] temporary and permanent fear and harm to their way of life, bodies, financial depletion, their reputation, their ability of life, liberty and the [pursuit] of happiness." (AC ¶ 192.) This same allegation is repeated under almost every count. None of these allegations appear to state a claim for any of the counts alleged.

Numerous circuits have found that this type of complaint violates Rule 8. *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("[Plaintiff's] complaint was probably dismissable for not being 'simple, concise and direct' (see Rule 8(e) of the Federal Rules of Civil Procedure). District courts should not have to read and decipher tomes disguised as pleadings."); *Lockheed-Martin Corp.*, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Harrison v. Bd. of Regents of Univ. Sys. of Georgia*, 519 F. App'x 641, 643 (11th Cir. 2013) (eighty-two page complaint that took a "shotgun" approach to asserting claims

4

violated Rule 8); *Rueb v. Zavaras*, 371 F. App'x 982, 986 (10th Cir. 2010) (ninety-five page complaint that discussed claims linked to other individuals and often "failed to mention a specific time, place, or person involved with the alleged offenses" violated Rule 8).

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [40, 48, 51, 76, 95, 98, 120, 123, 133, 154, 156, 158, 161, 164, 167, 169] and Motion to Remand [128] are denied without prejudice with leave to re-file. Plaintiffs' Amended Verified Complaint is dismissed without prejudice. Plaintiffs are granted leave to amend, if they can do so in strict compliance with the letter and spirit of Rule 8 and pursuant to Rule 11, within thirty days of this Order.

Date: March 6, 2017 /s/ JOHN W. DARRAH
United States District Court Judge